UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN JOSUE MARROQUIN,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

No. 1:26-cv-01709-DJC-AC

ORDER

Pending before the Court is a Petition for Writ of Habeas Corpus (Habeas Petition ("Pet.") (ECF No. 1)) and Motion for Temporary Restraining Order (Mot. TRO (ECF No. 5)) from a noncitizen currently in the custody of Immigration and Custody Enforcement ("ICE") pursuant to 8 U.S.C. § 1231(a)(6). (*See* Pet. ¶ 24.)  Petitioner had a prior order of removal reinstated against him in 2024 but was released until he was arrested and detained in September 2025.  For the reasons discussed below, the Court GRANTS Petitioner's Habeas Petition as to Count Two.

**BACKGROUND**

Petitioner is a native and citizen of Guatemala who entered the United States on multiple occasions including in March 2021, July 2023, April 2024, and most recently on May 14, 2024.  (Pet. ¶ 17.)  After Petitioner's April 2024 entry, immigration

1

officials determined that Petitioner was inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(1) and subsequently removed him under the expedited removal process on May 2, 2024.  (Answer (ECF No. 8) at 2 (citing ECF No. 8-2).)  Petitioner then re-entered the United States in or around May 14, 2024, where he was encountered by immigration officials and initially ordered a Notice to Appear and released on his own recognizance.  (Answer at 2 (citing ECF No. 8-3 at 2–3).)  However, On June 17, 2024, it was determined that Petitioner was improperly issued a Notice to Appear, which was then cancelled.  (*Id*.)  Petitioner was then issued a notice to reinstate his prior order of removal and a warrant for his arrest.  (Pet. ¶ 17; Answer at 2 (citing ECF No. 8-3 at 3).)

Following the reinstatement, Petitioner expressed a fear of return to Guatemala and was placed in withholding-only proceedings before the Immigration Court.  (Pet. ¶ 18.)  Petitioner's withholding-only case remains pending.  (*Id*.)  Additionally, Petitioner's spouse, who is a lawful permanent resident, also filed an I-130 Petition, which is currently pending.  (*Id*.)  Petitioner remained released while he pursued relief in the withholding-only proceedings.  (*See* Pet. ¶ 19; Answer at 2.)  However, in September 2025, ICE officers summoned Petitioner to appear for a credible fear related interview where they arrested and detained him without prior notice or explanation.  (*Id*. ¶ 20.)

After being taken into custody, an asylum officer determined that Petitioner had not established a reasonable fear of removal to Guatemala and Petitioner requested review of this decision by an Immigration Judge.  (Answer at 2-3 (citing ECF No. 8-4).)  As of now, the request for review is pending a final hearing on May 8, 2026.  (*Id*.)  Additionally, after about three months of Petitioner's detention, ICE determined that Petitioner's detention was to continue because he posed a significant flight risk due to his prior order of removal.  (Answer at 3 (citing ECF No. 8-4 at 10).)  Petitioner has a pending review of his custody status scheduled with ICE on March 16, 2026.  (Answer at 3 (citing ECF No. 8-4).)

**DISCUSSION**

Petitioner argues that he was entitled to notice and an opportunity to be heard before a neutral decision maker prior to revocation of his release for removal purposes.  (Pet. ¶¶ 31, 55–59.)  Respondents argue that Petitioner has been detained for less than six months and therefore is within a presumptively reasonable detention period that makes him ineligible for habeas relief.  (Answer at 3–4.)

To determine if Petitioner's due process rights have been violated, the Court must answer two questions: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution."  *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025).

A protected liberty interest can arise from a conditional release from physical restraint.  *Young v. Harper*, 520 U.S. 143, 147–49 (1997).  Here, the government created a liberty interest by permitting Petitioner to remain in the community since May 2024 while his withholding-only proceedings were pending.  During this time, he maintained a stable residence, complied with all DHS and Immigration Court requirements and appeared as directed, and had no arrests or convictions.  Thus, Petitioner has demonstrated a liberty interest.  *See Doe v. Becerra,* 787 F. Supp. 3d 1083, 1092 (E.D. Cal. 2025) (finding that the government strengthened the petitioner's liberty interest by allowing him to remain in the community); *see also Larios v. Albarran,* No. 3:25-cv-08799-AMO, 2025 WL 3043391, at *7 (N.D. Cal. Oct. 31, 2025), *appeal docketed,* No. 25-8153 (9th Cir. 2025) (finding that "neither [Petitioner's] immigration history nor the fact that he is subject to an administrative order of removal lessen [Petitioner's] protectable liberty interest").

Having established that Petitioner has a protected liberty interest, the Court must determine what process Petitioner is due under the Constitution.  To determine what process is due, the Court evaluates the factors outlined in *Mathews v. Eldridge*:

1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the Government's interest to determine what process is necessary to ensure that any deprivation of Petitioner's liberty interest accords with the Constitution.  424 U.S. 319, 335 (1976)

Petitioner has a substantial private interest in maintaining his out-of-custody status.  *See Zadvydas,* 533 U.S. at 690.  The risk of erroneous deprivation is also considerable.  Civil immigration detention is "nonpunitive in purpose and effect" and, therefore, only justified when a noncitizen is a flight risk or danger to the community.  *Zadvydas*, 533 U.S. at 690.  Respondents posit that Petitioner has already received the process to which he is entitled under regulation and statute based on his prior removal order such that additional safeguards are minimally useful.  However, Petitioner received no process prior to the government's revocation of his release.  Thus, the value of additional procedural safeguards here is substantial.  *See Larios,* 2025 WL 3043391, at *8–9.  Finally, Respondents' interest in detention is low.  *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); see *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017).  The effort and cost required to provide Petitioner with procedural safeguards are minimal.

Having found that Petitioner has a liberty interest and determined, via the *Mathews* factors, that he is entitled to process, and that process should have been afforded to him prior to detention, the Court GRANTS Count Two of the Habeas Petition.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.
2.  Petitioner Bryan Josue Marroquin shall be released immediately from Respondents' custody.  Respondents shall not impose any additional conditions on him, such as electronic monitoring, unless that is

determined to be necessary at a future pre-deprivation/custody hearing.

1. Respondents are PERMANENTLY ENJOINED AND RESTRAINED from re-arresting or re-detaining Petition absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

3. This Order resolves all other pending Motions.

4. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **March 26, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – JOSUE26cv01709.merits_v2